UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| YAROSLAV KYRPYCH,<br><br>Plaintiff,<br><br>v.<br><br>KRISTEN DENISE KELLY, et al.,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No.<br>25-12291-FDS |

## MEMORANDUM AND ORDER ON PLAINTIFF'S MOTIONS TO AMEND COMPLAINT AND DEFENDANTS' MOTIONS TO DISMISS

**SAYLOR, J.**

This is an action by a *pro se* plaintiff challenging, in substance, various orders and proceedings in a child-custody dispute in the Massachusetts Probate and Family Court. Jurisdiction is asserted under 28 U.S.C. § 1331, as plaintiff seeks to redress claimed violations of his Fourteenth Amendment rights.

Plaintiff Yaroslav Kyrpych has filed suit against 22 defendants: Christine McMahon Cullinan, Kristen Denise Kelly, and Katelyn Marie Jay, all of whom are Assistant District Attorneys in Norfolk County; the Norfolk County District Attorney's Office; Elise Marian Barry, Shannon McAnulty, Sandra E. Fontecchio, Cheryl Banks, Steven F. Ruscio, Laura A. Rafael, Michelle F. Frazer, Philip J. Clossey, Katheryn L. Butterfield, Alison Coleman-Hardy, and Azelene D. Edounarzin, all of whom are present or former employees of the Massachusetts Department of Children and Families; the Massachusetts Department of Children and Families; Rachael Anne Sullivan, who is an employee of Bay State Community Services; Lee Mumford Peterson, who is a judge of the Norfolk County Probate and Family Court; Meghan Honigman, who is a court-appointed guardian ad litem; Ryan Faenza Carey, PC, which is a law firm;

Carolyn P. Gannon; and Brian P. DiVasta.  Plaintiff has also moved to amend the complaint to add Anne Yas, an Assistant District Attorney in Norfolk County; Danielle Czekanski, an employee of the Massachusetts Department of Children and Families; Bay State Community Services, Inc.; and Kara Carey, a partner at Ryan Faenza Carey, PC, as additional defendants.

*Pro se* defendant Brian DiVasta has asserted a counterclaim for defamation.  (Dkt. No. 55).  *Pro se* defendant Carolyn Gannon has asserted a counterclaim alleging that plaintiff's conduct in the family-court proceedings caused unnecessary litigation expenses and impeded her ability to work.  (Dkt. No. 56).

All other defendants have moved to dismiss on a variety of grounds.  Ryan Faenza Carey, PC has moved to dismiss on the grounds that the court lacks subject-matter jurisdiction under 18 U.S.C. § 1331, the *Rooker-Feldman* doctrine, and the domestic-relations exception; that the claims against the law firm are barred by the litigation privilege; and that the complaint fails to state a claim upon which relief can be granted.  (Dkt. Nos. 53, 78).

Bay State Community Services and Rachel Anne Sullivan have moved to dismiss on the grounds that the court lacks subject-matter jurisdiction under the *Rooker-Feldman* doctrine and the domestic-relations exceptions; that Sullivan is immunized as a mandated reporter under Mass. Gen. Laws ch. 119, § 51A; and that the complaint fails to state a claim upon which relief can be granted.  (Dkt. Nos. 63, 76).

Meghan Honigman has moved to dismiss on the grounds that the court lacks subject-matter jurisdiction under the *Rooker-Feldman* doctrine, *Younger* abstention, and the domestic-relations exception; that she is entitled to absolute immunity; and that the complaint fails to state a claim upon which relief can be granted.  (Dkt. No. 73).

The state defendants—the Norfolk District Attorney's Office and its employees, the Department of Children and Families and its current and former employees, and Judge Lee Mumford Peterson—have moved to dismiss on the grounds that the court lacks subject-matter jurisdiction under *Younger* abstention, the *Rooker-Feldman* doctrine, and the domestic-relations exception; that the claims are barred by sovereign immunity and absolute and qualified immunity; and that the complaint fails to state a claim upon which relief can be granted. (Dkt. No. 75).

For the reasons set forth below, defendants' motions to dismiss will be granted for lack of subject-matter jurisdiction; the claims against defendants DiVasta and Gannon will be dismissed on the same basis; and this matter will be dismissed in its entirety.

## I.     The Allegations of the Complaint

The following facts are taken from the first amended complaint, which the Court will construe at the operative complaint, and the record from the Massachusetts Probate and Family Court proceedings. *See Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993) (explaining that, on a motion to dismiss, a court may properly consider "official public records" and "documents sufficiently referred to in the complaint").

Yaroslav Kyrpych and Carolyn Gannon divorced in April 2022. (Am. Compl. ¶ 7, at 14, Dkt. No. 65; Norfolk Dkt. Rep. 10, Dkt. No. 1-5). Judge Lee M. Peterson oversaw the divorce proceedings in Norfolk Probate and Family Court. (Norfolk Dkt. Rep. 1). Under the separation agreement, Kyrpych and Gannon agreed to share custody of their two children. (Am. Compl. ¶ 7, at 14).

In October 2022, Gannon returned to Norfolk Probate and Family Court seeking to modify the divorce and obtain a temporary restraining order against Kyrpych on behalf of herself

and their children.  (Norfolk Dkt. Rep. 10).  She alleged that Kyrpych had sexually abused their older child.  (Am. Compl. ¶ 11, at 14).  Gannon hired Rayn Faenza Carey, PC to represent her in the custody proceedings.  (*Id.* ¶ 12, at 14).  The amended complaint suggests that DCF and the Norfolk County District Attorney's Office investigated those allegations and found them unsupported.  (*Id.* at 31).

According to the complaint, in January 2023, the older child disclosed to a school guidance counselor and primary-care provider allegations of sexual and physical abuse by Gannon, her mother, and Brian DiVasta, her mother's partner.  (*Id.* at 23-24).  Both the counselor and primary-care provider then filed DCF reports against Gannon and DiVasta.  (*Id.* at 23-25).  According to the complaint, DCF ultimately dismissed the reports "without any investigation" and without referring them to the District Attorney's Office.  (*Id.* at 24).

DCF then filed a report of abuse against Kyrpych based on the allegations made by Gannon.  (*Id.* at 28-30).  That report led to an interview of the child by the Norfolk County District Attorney's Office and a search of plaintiff's home.  (*Id.* at 29-30).  Gannon ultimately obtained a temporary restraining order from Norfolk Probate and Family Court suspending Kyrpych's custodial rights based in part on the DCF report and testimony by DCF workers.  (*Id.* at 30; Norfolk Dkt. Rep. 17).

According to the complaint, Meghan Honigman, who was appointed as guardian ad litem, allegedly falsified a report that concealed certain issues, including Kyrpych's positive evaluation.  (Am. Compl. 60).

The Norfolk District Attorney's Office referred plaintiff's children to Bay State Community Services for counseling.  (*Id.* at 46).  According to the complaint, Rachael Sullivan,

a Bay State Community Services counselor, allegedly traumatized the children, elicited false allegations against Kyrpych, and filed a false report against him.  (*Id.* at 46-47).

In the fall of 2024, Judge Peterson held a trial in the ongoing custody dispute.  (Norfolk Dkt. Rep. 32).  Kyrpych disputes certain evidentiary and procedural rulings made by the court; alleges improper *ex parte* communications; disputes the court's findings of fact; and challenges the denial of his access to his children on the basis of allegedly false or unsupported evidence.  (*Id.* at 47-59).

On November 24, 2024, Judge Peterson entered judgment granting Carolyn Gannon "sole legal and physical custody of the parties' minor children."  (Norfolk Judgment, Dkt. No. 124-1).

Krypych brought suit in federal court on August 15, 2025.  (Dkt. No. 1).  In essence, the amended complaint alleges that DCF, Bay State Community Services, Meghan Honigman, the Norfolk District Attorney's Office, his former wife's lawyers, and Judge Peterson all violated his Fourteenth Amendment rights and various federal and state laws by suborning, creating, or knowingly relying on false evidence at the custody trial as well as concealing exculpatory evidence.  In so doing, they allegedly colluded with Krypych's former wife and her partner, Brian DiVasta, to unlawfully deprive him of his parental rights.

The complaint seeks declaratory, injunctive, and monetary relief.  In particular, it asks that the court make certain evidentiary rulings and impose certain procedures related to the custody proceedings.  (Am. Compl. 61-64).

## II.    **Standard of Review**

On a motion to dismiss for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1), "the party invoking the jurisdiction of a federal court carries the burden of proving its existence."  *Johansen v. United States*, 506 F.3d 65, 68 (1st Cir. 2007) (quoting *Murphy v. United*

*States*, 45 F.3d 520, 522 (1st Cir. 1995)).  If the party seeking to invoke federal jurisdiction "fails to demonstrate a basis for jurisdiction," the motion to dismiss must be granted.  *Id.*  When ruling on a motion to dismiss under Rule 12(b)(1), the court must "credit the plaintiff's well-[pleaded] factual allegations and draw all reasonable inferences in the plaintiff's favor."  *Merlonghi v. United States*, 620 F.3d 50, 54 (1st Cir. 2010).

For the purposes of analyzing a motion to dismiss, the complaint must be construed generously because plaintiff is proceeding *pro se*.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Rodi v. Southern New Eng. Sch. of L.*, 389 F.3d 5, 13 (1st Cir. 2004).  "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (citation modified); *see* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").  "Nevertheless, a litigant's exercise of his right to self-representation does not exempt him from complying with the relevant rules of procedural and substantive law."  *Martinez-Machicote v. Ramos-Rodriguez*, 553 F. Supp. 2d 45, 49 (D.P.R. 2007).

III.    **Discussion**

A.    **Plaintiff's Motions to Amend**

As a threshold matter, the Court will construe the first amended complaint, filed October 26, 2025, as the operative complaint in this case.  (Dkt. No. 65).  Although plaintiff moved on eleven occasions in September and October 2025 to amend the complaint, those motions only presented grounds for allowing amendment and did not include a proposed amended complaint. (Dkt. Nos. 43-46, 49, 51, 57-61).  Eventually, on October 26, 2025, plaintiff filed an amended complaint.  In light of plaintiff's *pro se* status, the Court will construe the first amended complaint as an amendment permitted "once as a matter of course."  Fed. R. Civ. P. 15(a)(1).

6

Since then, plaintiff has filed a second amended complaint (Dkt. No. 79); a motion for leave to file a third amended complaint (Dkt. No. 135); and motions to supplement his third amended complaint (Dkt. Nos. 165, 166). Because, as explained below, any such amendments would be futile, the Court will deny those motions.

### B.    Subject-Matter Jurisdiction

The Supreme Court has exclusive jurisdiction "over appeals from final state-court judgments." *Lance v. Dennis*, 546 U.S. 459, 463 (2006) (citing 28 U.S.C. § 1257). As such, under the *Rooker-Feldman* doctrine, "lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." *Id.* That prohibition applies where "the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." *Federación de Maestros de P.R. v. Junta de Relaciones del Trabajo de P.R.*, 410 F.3d 17, 24 (1st Cir. 2005) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005)).[1]

"[A] claim need not directly . . . attack a state court decision in order to fall within the scope of the *Rooker-Feldman* doctrine." *Pierre v. Cristello*, 2017 WL 4768006, at *2 (D. Mass. Oct. 3, 2017) (quoting *DuLaurence v. Telegen*, 94 F. Supp. 3d 73, 80 (D. Mass. 2015), *aff'd*, 2016 WL 10454553 (1st Cir. Nov. 30, 2016)). "[I]t is enough if the federal action would in

---

[1] The Supreme Court has recently clarified the *Rooker-Feldman* doctrine. In *T.M. v. University of Marland Medical System Corporation*, the Court explained that the doctrine applies "to federal cases in which plaintiffs seek review of state-court judgments, regardless of whether those judgments are final trial-court judgments or those of a State's highest court." 2026 WL 1751823, at *9 (U.S. June 18, 2026). Thus, *Rooker-Feldman* bars district court review even "when the state-judgment at issue is subject to further review in state appellate proceedings." *Id.* at *3. In so deciding, the Supreme Court abrogated First Circuit precedent that applied *Rooker-Feldman* "only if the state-court proceedings have 'ended.'" *Id.* at *5 (quoting *Federación de Maestros de P.R.*, 410 F.3d at 24-25).

Here, it appears that plaintiff has appealed the November 26, 2024 state-court judgment. *See Kyrpych v. Gannon*, 2025-P-0472 (Mass. App. Ct. Apr. 17, 2025). Under *T.M.*, the fact that plaintiff seeks further action in the state proceeding does not preclude the application of the *Rooker-Feldman* doctrine.

substance defeat or negate a state judgment . . . ."  *Mandel v. Town of Orleans*, 326 F.3d 267, 271 (1st Cir. 2003); *see also Hill v. Town of Conway*, 193 F.3d 33, 39 (1st Cir. 1999) (quoting *Pennzoil Co. v. Texaco Inc.*, 481 U.S. 1, 25 (1987) (Marshall, J., concurring in the judgment)) ("Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment.").  Ultimately, a court must decide "whether the plaintiff's federal suit is, in effect, an end-run around a final state-court judgment." *Klimowicz v. Deutsche Bank Nat'l Tr. Co.*, 907 F.3d 61, 66 (1st Cir. 2018).

That is very clearly the case here.  On November 26, 2024, the Norfolk County Probate and Family Court entered judgment granting Carolyn Gannon "sole legal and physical custody of the parties' minor children." (Norfolk Judgment).  Plaintiff then filed suit in this Court.  The complaint essentially alleges that nearly every person involved in the state-court case engaged in misconduct that led to plaintiff being wrongfully deprived of his parental rights.

Plaintiff's "only real injury . . . is ultimately . . . caused by [the] state court judgment." *Davison v. Government of P.R.-P.R. Firefighters Corps.*, 471 F.3d 220, 223 (1st Cir. 2006).  In other words, he has not asserted an injury independent of the deprivation of his parental rights caused by the state-court judgment.  Although some of his claims appear to suggest independent wrongdoing, all of the challenged conduct ultimately implicates the judgment because it relates to the custody determination.  *See Klimowicz*, 907 F.3d at 65 (finding that *Rooker-Feldman* barred claims for "unfair and deceptive practices" that implicated the Housing Court's judgment); *see Speight v. Kaelblein*, 2025 WL 1824768, at *2 (D. Mass. May 16, 2025) (finding that *Rooker-Feldman* barred claims that were "worded in ways that suggest actionable wrongdoing" but "challenge[d]—collaterally—rulings by the Massachusetts Probate and Family

Court"). Plaintiff cannot "evade the reach of the *Rooker-Feldman* doctrine by artful pleading." *Klimowicz*, 907 F.3d at 65. Read as a whole, the complaint plainly requests that this Court find that the state-court judgment was wrongly decided because it was based on alleged conflicts of interests, relied on fabricated reports, and overlooked exculpatory evidence.[2]

In short, this federal suit seeks review and rejection of the state-court judgment terminating his custodial rights. The Court is without the power to do so and therefore will dismiss all of plaintiff's claims. Furthermore, the proposed amendments to the complaint would be futile, as they suffer from the same essential flaw. Because the *Rooker-Feldman* doctrine bars plaintiff's suit in its entirety, the Court does not reach defendants' alternative arguments for dismissal.

### C.    Defendants and Counterclaimants Carolyn Gannon and Brian DiVasta

*Pro se* defendants and counterclaimants Carolyn Gannon and Brian DiVasta have not moved to dismiss the complaint. Nevertheless, the Court has an independent obligation to assess its subject-matter jurisdiction. *See In re Recticel Foam Corp.*, 859 F.2d 1000, 1002 (1st Cir. 1988). In addition, their asserted counterclaims appear to allege state-law defamation and other tort claims. Because the Court lacks jurisdiction over the claims against them, it lacks jurisdiction to hear counterclaims with no independent jurisdictional basis. *See* 6 WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 1414 (3d ed. 2026). Accordingly, both plaintiff's

---

[2] The original complaint explicitly asked the Court to "[r]estore [p]laintiff's parental rights in full." (Dkt. No. 1, at 27). Plaintiff omitted that request for relief from his first amended complaint (the operative complaint). (Dkt. Nos. 65). The proposed second amended complaint asks the Court to "[s]et aside all Norfolk Probate and Family Court orders and findings of fact since April 22, 2022." (Dkt. No. 79, at 60). His proposed third amended complaint explicitly seeks a permanent injunction "vacating the November 26, 2024, state judgment and prohibiting all Defendants from further enforcement of its terms." (Dkt. No. 135-1, at 420). That further demonstrates that the suit is in substance a challenge to the state-court judgment.

claims against Gannon and DiVasta and their counterclaims against plaintiff will be dismissed for lack of jurisdiction.

## IV.    Conclusion

As set forth above, the Court construes the first amended complaint (Dkt. No. 65) as the operative complaint.  Defendants' motions to dismiss are GRANTED; all other pending motions (other than Dkt. No. 121, which is the subject of a separate order) are DENIED as moot; and this case is DISMISSED in its entirety.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Dated:  June 29, 2026                        United States District Judge

10